CAL P. SAUNDERS, Esq., (SBN 63497)
TAUFIKI D. JOSHUA, Esq., (SBN 207636)
OFFICE OF THE CITY ATTORNEY
CITY OF INGLEWOOD
One Manchester Boulevard, Suite 860
Inglewood, California 90301
Telephone:  (310) 412-5372
Facsimile:  (310) 412-8865
tjoshua@cityofinglewood.org
rtatum@cityofinglewood.org

Attorneys for Defendants, **CITY OF INGLEWOOD, INGLEWOOD POLICE DEPARTMENT, SAMUEL BAILEY, KEITH RANKINS, GABRIELA GARCIA and JACQUELINE SEABROOKS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVOREAUX Z. DEMUS,<br><br>               Plaintiff,<br><br>   v.<br><br>OFFICER K. RANKINS, et al.,<br><br>               Defendants. | CASE NO.:  CV12-10880 GW (JCx)<br><br>**Hon. Judge:  George Wu**<br>**Courtroom:   10**<br><br>**AMENDED STIPULATION AND PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS F, M AND R]** |

      The parties have discussed the privileged nature of the Inglewood Police Department Internal Affairs materials regarding the investigation of the subject March 31, 2011 incident, which is the basis of the instant lawsuit, along with other instances of Internal Affairs investigations of personnel complaints made against the individually named Defendants in the instant litigation.

///

Such confidential materials kept by Defendants are governmental documents that contain official information.  Such confidential material has been maintained by Defendants in confidence and contains sensitive and private information.

Defendants are extremely concerned that dissemination of subject information, documents, and materials related to the incident, relevant personnel, and other confidential internal investigations could compromise the efficacy of such undertaking in the future and act to discourage cooperation from the public. Further, disclosure of which without a protective order may compromise the safety of the subject peace officers and their families and third parties.

These materials are subject to various privileges including Evidence Code §§ 1040, 1043, et seq., Government Code § 3300, et seq. and/or the official information privilege.  Further, such material also contains private and confidential third-party information. The materials include but are not limited to the following documents:

1.     One (1) page of four photographs depicting Devoreaux Demus on March 31, 2011;

2.      One (1) page Inter-Departmental Communication from Chief of Police to Internal Affairs Division Commander Re Miscellaneous Inquiry 2011-M-002 dated February 22, 2012;

3.     Two (2) page Inter-Departmental Communication from Sergeant Iguchi to Chief of Police Re Citizen Personnel Complaint dated March 31, 2011;

4.     Two (2) page Inglewood Police Department Personnel Complaint Form completed by Devoreaux Demus dated March 31, 2011;

5.     Ten (10) page Inter-Departmental Communication from Sergeant Richmond to Chief of Police Re Personnel Complaint #11M-002 dated February 21, 2012;

///

6. Two (2) page Inter-Departmental Communication from Sergeant Iguchi to Chief of Police Re Citizen Personnel Complaint dated March 31, 2011;

7. Two (2) page Inglewood Police Department Personnel Complaint Form completed by Devoreaux Demus dated March 31, 2011;

8. Two (2) pages of Inglewood Police Department Internal Affairs Division Investigative Notes;

9. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Samuel Bailey Re Administrative Investigation;

10. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Keith Rankins Re Administrative Investigation;

11. Two (2) pages of Inglewood Police Department Internal Affairs Division Investigative Notes;

12. One (1) page Inter-Departmental Communication from the City Clerk to Cal Saunders Re Tort Claim Notice;

13. Seventeen (17) page Tort Claim Notice of Devoreaux Demus;

14. Seven (7) page Inglewood Police Department Crime/Arrest Report DR# 11-3057;

15. One (1) page Inter-Departmental Communication from the City Clerk to Cynthia Stuart Re Tort Claim Notice;

16. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Samuel Bailey Re Administrative Investigation;

17. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Keith Rankins Re Administrative Investigation;

18. Three (3) pages of email correspondence between Jeff Price and Sergeant Robert Richmond;

19. One (1) page letter from Sergeant Robert Richmond to Devoreaux Demus dated January 2, 2012;

20. Four (4) pages of emails from Sergeant Robert Richmond to Jeff Price;

21. One (1) page State Bar of California Attorney Search Results Re Attorney Daniel Sharpe;

22. Two (2) pages of email correspondence between Sergeant Robert Richmond and Jeff Price;

23. One (1) page of email correspondence between Sergeant Robert Richmond and Derald Brenneman;

24. One (1) page email from Sergeant Robert Richmond to Jeff Price;

25. Eight (8) page Inter-Departmental Communication from Chief of Police to Citizen Police Oversight Commission Re Summary of CPOC Complaint 11M-002 dated February 21, 2012;

26. One (1) page letter from Chief of Police to Devoreaux Demus Re Internal Affairs Case #2011-M-002 dated February 22, 2012;

27. One (1) page of four photographs depicting Plaintiff Devoreaux Demus on March 31, 2011;

28. One (1) page containing a photocopy of Devoreaux Demus' California Drivers License;

29. One (1) page Inglewood Public Safety System Officer Roster Snapshot;

30. One (1) page Inglewood Public Safety System Incident Detail;

31. One (1) page Inglewood Public Safety System Police Unit Log;

32. One (1) page Inglewood Public Safety System Police Unit History;

33. One (1) page Inglewood Public Safety System Police Unit Log;

34. One (1) page Inglewood Public Safety System Police Unit History;

35. Two (2) page Inglewood Public Safety System Police Unit Log;

36. Three (3) page Inglewood Public Safety System Police Unit History;

37. Two (2) page Inglewood Public Safety System Police Unit Log;

38. Two (2) page Inglewood Public Safety System Police Unit History;

39. Seven (7) page Inglewood Police Department Crime/Arrest Report DR #11-3057;

40. One (1) page copy of Devoreaux Demus' California Drivers License;

41. One (1) page Inglewood Public Safety System Officer Roster Snapshot;

42. One (1) page Inglewood Public Safety System Incident Detail;

43. One (1) page Inglewood Public Safety System Police Unit History;

44. One (1) page Inglewood Public Safety System Police Unit Log;

45. One (1) page Inglewood Police Department Public Safety System Police Unit Log;

46. One (1) page Inglewood Police Department  Public Safety System Police Unit History;

47. Two (2) page Inglewood Public Safety System Police Unit Log;

48. Three (3) page Inglewood Public Safety System Police Unit History;

49. Two (2) page Inglewood Public Safety System Police Unit Log;

50. One (1) page Inglewood Public Safety System Police Unit History;

51. Four (4) copies of a letter from the Chief of Police to Devoreaux Demus dated April 13, 2011;

52. One (1) page copy of returned envelope containing correspondence addressed to Devoreaux Demus;

53. One (1) page copy of returned envelope containing correspondence addressed to Devoreaux Demus;

54. Compact disc of audio interviews;

55.   One (1) page document entitled "Table of Contents":

56.   Three (3) page Inter-Departmental Communication from Sergeant Robert Richmond to Chief of Police Re Personnel Complaint #IA2012-003 dated May 15, 2012;

57.   One (1) page document entitled "Applicable Allegations";

58.   One (1) page document entitled "Witness List";

59.   Transcript of audiotaped interview of Officer Samuel Bailey;

60.   Transcript of audiotaped interview of Detective David Thomas;

61.   Transcript of audiotaped interview of Officer David Villamil;

62.   Transcript of audiotaped interview of Lieutenant Gabriela Garcia;

63.   One (1) page document entitled "Addendum";

64.   One (1) page Inter-Departmental Communication from Chief of Police to Internal Affairs Division Commander Re Miscellaneous Inquiry 2011-M-002 dated February 22, 2012;

65.   One (1) page Inter-Departmental Communication from Internal Affairs Division to Police Officer Samuel Bailey Re Administrative Investigation;

66.   One (1) page Internal Affairs Division Receipt for Internal Affairs Case No. IA2012-003;

67.   Three (3) page Concise Officer History for Police Officer Samuel Bailey;

68.   Ten (10) page Inter-Departmental Communication from Sergeant Richmond to Chief of Police Re Personnel Complaint #11M-002 dated February 21, 2012;

69.   Eight (8) page Inter-Departmental Communication from Chief of Police to Citizen Oversight Commission Re Summary of CPOC Complaint – 11M-002;

70. One (1) page letter from Chief of Police to Devoreaux Demus Re Internal Affairs Case #2011-M-002 dated February 22, 2012;

71. Two (2) page Inter-Departmental Communication from Sergeant Iguchi to Chief of Police Re Citizen Personnel Complaint dated March 31, 2011;

72. Seven (7) page Inglewood Police Department Crime/Arrest Report DR#11-3057;

73. Two (2) page Inglewood Police Department Personnel Complaint Form;

74. One (1) page of four photographs depicting Devoreaux Demus on March 31, 2011;

75. One (1) page containing a photocopy of the California Drivers License of Devoreaux Demus;

76. One (1) page Inglewood Public Safety System Officer Roster Snapshot;

77. One (1) page Inglewood Public Safety System Incident Detail;

78. One (1) page  Inglewood Public System Police Unit Log;

79. One (1) page Inglewood Public Safety system Police Unit History;

80. One (1) page Inglewood Public Safety System Police Unit Log;

81. One (1) page Inglewood public Safety System Police Unit History;

82. Two (2) page Inglewood Public Safety System Police Unit Log;

83. Three (3) page Inglewood Public Safety System Police Unit History;

84. Two (2) page Inglewood Public Safety System Police Unit Log;

85. Two (2) page Inglewood Public Safety System Police Unit History;

86. Seven (7) page Inglewood Police Department Crime/Arrest Report DR# 11-3057;

87. One (1) page letter from Chief of Police to Devoreaux Demus dated April 13, 2011;

88. One (1) page letter from Chief of Police to Devoreaux Demus dated April 13, 2011;

89. One (1) page of email correspondence between Derald Brenneman and Robert Richmond;

90. One (1) page of email correspondence from Robert Richmond to jeff Price;

91. One (1) page of correspondence from Robert Richmond to Jeff Price (undated);

92. Two (2) pages of email correspondence between Robert Richmond and Jeff Price;

93. Two (2) pages of email correspondence between Robert Richmond and Jeff Price;

94. Three (3) pages of email correspondence between Robert Richmond and Jeff Price;

95. One (1) page letter from Chief of Police to Devoreaux Demus dated January 2, 2012;

96. One (1) page of email correspondence from Robert Richmond to Jeff Price;

97. One (1) page of email correspondence from Robert Richmond to Jeff Price;

98. One (1) page of email correspondence from Robert Richmond to Jeff Price;

99. One (1) page State Bar of California Attorney Search Results Re Attorney Daniel Sharpe;

100. One (1) page City of Inglewood Inter-Departmental Communication from City Clerk to Cal Saunders Re Tort Claim Notice dated October 6, 2011;

///

101. Seventeen (17) page Tort Claim Notice of Devoreaux Demus;

102. One (1) page City of Inglewood Inter-Departmental Communication from City Clerk to Cynthia Stuart Re Tort Claim Notice Re October 6, 2011;

103. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Samuel Bailey Re Administrative Investigation;

104. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Keith Rankins Re Administrative Investigation;

105. One (1) page Inter-Departmental Communication from Chief of Police to Internal Affairs Division Commander Re Miscellaneous Inquiry 2011-M-002 dated February 22, 2012;

106. Four (4) page Inter-Departmental Communication from Commanding Officer, Office of Patrol Services to Officer Samuel Bailey Re Notice of Written Reprimand dated May 10, 2013;

107. Four (4) page Inter-Departmental Communication from Commanding Officer, Office of Patrol Services to Chief of Police Re Internal Affairs Investigation dated May 10, 2013;

108. Government Code Section 3304; and

109. Compact disc containing the audio recordings of the interviews of Officer Bailey, Detective Thomas, Officer Villamil, and Lieutenant Garcia.

In an effort to expedite the exchange of documents contained in privileged and confidential Internal Affairs files, the following documents will also be produced subject to this protective order. Although each document has not been specifically delineated, it is understood that this protective order covers any and all

documents contained in each of the Internal Affairs case files specifically set forth below:

> 110.   Each and every document contained in Officer Keith Rankins' Internal Affairs File - Case No. IA2011-011;

> 111.   Each and every document contained in Officer Keith Rankins' Internal Affairs File - Case No. IA2011-013;

> 112.   Each and every document contained in Officer Keith Rankins and Samuel Bailey's Internal Affairs File – Case No. 11M-002;

> 113.   Each and every document contained in Officer Keith Rankins' Internal Affairs File – Case No. IA2011-032;

> 114.   Each and every document contained in Officer Keith Rankins' Internal Affairs File – Case No. IA2011-033;

> 115.   Each and every document contained in Officer Samuel Bailey's Internal Affairs File – Case No. IA2011-026;

> 116.   Each and every document contained in Officer Samuel Bailey's Internal Affairs File – Case No. IA2012-13;

> 117.   Each and every document contained in Officer Samuel Bailey's Internal Affairs File – Case No. IA2011-004; and

> 118.   Each and every document contained in Lieutenant Gabriela Garcia's Internal Affairs File – Case No. 09E047.

In light of the aforementioned facts, and given the strong public policies in favor of encouraging witnesses to cooperate in investigations, protecting those who assist in investigations, protecting society's interests in investigating such incidents, and protecting Plaintiff's right to privacy, Defendants believe it is necessary and proper to enter an order carefully limiting the use and dissemination of the information, documents, and materials that are the subject of this Order.  In order to informally resolve this matter, the parties have agreed to this stipulated protective order.

This Order shall apply to protect from unauthorized disclosure the aforementioned documents ("CONFIDENTIAL DOCUMENTS").

A.      CONFIDENTIAL DOCUMENTS shall be classified as confidential by stamping copies of them with "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." Prior to filing any such CONFIDENTIAL DOCUMENT with the Court, the parties shall make an application to seal the document pursuant to Fed. Local Rule 79-5. Stamping "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the cover of a multiple page document shall classify all pages of the document as confidential, unless otherwise indicated by the disclosing party. Other unambiguous written notice that material is being classified as confidential also shall be sufficient.

B.      Immediately upon production by the disclosing party, attorneys for the receiving party shall personally secure and maintain the CONFIDENTIAL DOCUMENTS in their possession.

C.      The CONFIDENTIAL DOCUMENTS shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal.  No person to whom CONFIDENTIAL DOCUMENTS are disclosed shall cause or permit them to be used for any other purpose.

D.      Any copies, summaries, abstracts, notes, extracts of the contents or other documents derived from the CONFIDENTIAL DOCUMENTS are protected under this Order, and shall not be disclosed, disseminated, or conveyed in any way to anyone except as provided herein.

E.      If necessary in the judgment of the receiving party, said attorneys may show or reveal the contents of the CONFIDENTIAL DOCUMENTS to co-counsel, clients, paralegals, law clerks or experts actively assisting attorneys for receiving party  in the investigation of this case.  Any notes taken by any person reflecting
///

1   the contents of the CONFIDENTIAL DOCUMENTS, or extracts of the contents,
2   are protected under this Order, and shall be treated in the manner set forth herein.

3         F.      The receiving party shall cause the substance of this Order to be
4   communicated to each person (other than the Court/Court personnel) to whom the
5   CONFIDENTIAL DOCUMENTS are revealed in accordance with this Order.

6         G.      Prior to the disclosure of any CONFIDENTIAL DOCUMENTS to
7   any person described above, the receiving party who seeks to use or disclose such
8   CONFIDENTIAL DOCUMENTS shall first provide any such person with a copy
9   of this Order, and shall cause him or her to execute, on a second copy, which
10  counsel   shall   thereafter   serve   on   the   disclosing   party   the   following
11  acknowledgment:

12        "I, _____, do solemnly swear that
13        I am fully familiar with the terms of the Stipulated Protective
14        Order entered in this action, Case No. CV 12-10880 GW (JCx),
15        and hereby agree to comply with and be bound by the terms
16        and conditions of said Order with respect to the handling, use
17        and disclosure of each Confidential Document.  I hereby
18        consent to the jurisdiction of said Court for purposes of
19        enforcing this nondisclosure Order.
20        Dated:  _____ /s/_____"

21        H.      If CONFIDENTIAL DOCUMENTS or confidential material therein
22  are used, directly or indirectly, in any depositions taken in this matter, the original
23  transcript   of   the   deposition,   and   all   copies   thereof   shall   be   stamped
24  "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and the portions
25  containing the CONFIDENTIAL DOCUMENTS or confidential material shall be
26  sealed pursuant to Central District Local Rule 79-5.

27        I.      A copy of this Order shall be attached as an exhibit to said deposition
28  transcript and the court reporter shall be subject to said Order and precluded from

providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action.   Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Order.   A copy of this Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to this Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.   Any audiotape shall similarly be subject to this Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

J.   Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any CONFIDENTIAL DOCUMENTS or confidential material therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action.   Those attending any depositions using CONFIDENTIAL DOCUMENTS shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Order.

K.   The receiving party shall not cause or knowingly permit disclosure of the contents of the CONFIDENTIAL DOCUMENTS beyond the disclosure permitted under the terms and conditions of this Order.

L.   No document covered by this Order may be used for any purpose not set forth herein, or revealed to any person not described herein, absent further order of this Court.

///

M.     If the receiving party who receives CONFIDENTIAL DOCUMENTS are served with a subpoena or other request seeking CONFIDENTIAL DOCUMENTS, he, she or it shall immediately give written notice to counsel for the disclosing party, identifying the CONFIDENTIAL DOCUMENTS sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Order so as to afford the disclosing party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of CONFIDENTIAL DOCUMENTS.  In no event should production or disclosure be made without written approval by the disclosing party unless required by Court order.

N.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions (collectively "papers") filed with this Court, which contain, reflect, incorporate or refer to CONFIDENTIAL DOCUMENTS, shall be filed concurrently with a written application to seal the subject material.  Pending a ruling on the application, the papers are to be filed consistent with Local Rule 79-5.1.

O.     Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings in this Court which could entail the discussion or disclosure of CONFIDENTIAL DOCUMENTS be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

P.     Nothing herein shall prejudice any parties' rights to object to the introduction of any CONFIDENTIAL DOCUMENTS into evidence, on grounds, including, but not limited to, relevance and privilege.

Q.     Nothing in this Order shall restrict or otherwise limit the use of any material by the District Court.

///

R.      No more than thirty (30) calendar days after the end of litigation (Case No. CV 12-10880 GW (JCx)), the receiving party, and every other person and/or entity who received originals or copies of CONFIDENTIAL DOCUMENTS provided by Defendants (other than the Court/Court personnel) shall return all originals except attorney work product, and shall destroy or return any original attorney work product and all copies of the CONFIDENTIAL DOCUMENTS, and material derived therefrom to counsel for Defendants, in care of: Office of the City Attorney, City of Inglewood, One Manchester Boulevard, Ste. 860, Inglewood, CA 90301.   Any expense incurred in the return of originals of CONFIDENTIAL DOCUMENTS shall be at the expense of the party seeking return of the CONFIDENTIAL DOCUMENTS. Any CONFIDENTIAL documents obtained from third parties or via third party subpoena shall be destroyed or returned to the party whose privacy interest is implicated.

The litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

////
////
////
////
////
////
////
////
////
///

S.   This Order shall survive the termination of this action, and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Material disclosed pursuant to this Order.

IT IS SO STIPULATED:

DATED:  December 11, 2013   LAW OFFICES OF JEFF D. PRICE


By _____/s/_____
        Jeff D. Price, Esq.
        Attorneys for Plaintiff
        DEVOREAUX DEMUS

DATED:  December 11, 2013        OFFICE OF THE CITY ATTORNEY
                                 FOR THE CITY OF INGLEWOOD


By_____/s/_____
        Taufiki D. Joshua, Esq.
        Attorneys for Defendants
        CITY OF INGLEWOOD, INGLEWOOD
        POLICE DEPARTMENT, KEITH
        RANKINS, SAMUEL BAILEY,
        GABRIELA GARCIA, JACQUELINE
        SEABROOKS

DATED:   December 11, 2013        GEORGE L. MALLORY, JR. &
                                  ASSOCIATES


By_____/s/_____
        Taufiki D. Joshua, Esq.
        Attorneys for Defendants
        CITY OF INGLEWOOD, INGLEWOOD
        POLICE DEPARTMENT, KEITH
        RANKINS, SAMUEL BAILEY,
        GABRIELA GARCIA, JACQUELINE
        SEABROOKS

1

## __ORDER__

2        Having reviewed and considered the Parties' Amended Stipulation for

3   Protective Order, good cause showing therein, IT IS SO ORDERED as modified by

4   the Court:

5

6   Dated:  December 13, 2013        _____/s/_____

7                                    HONORABLE JACQUELINE CHOOLJIAN
                                     United States Magistrate Judge
8                                    Central District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28